BOUTALL, Judge
(concurring in result) .
I concur in the reversal of the trial court judgment solely because the Louisiana Supreme Court has declared the Abatement of Public Nuisances Statute, R.S. 13:4711-13:4717 unconstitutional in Gulf States Theatres of La., Inc. v. Richardson, 287 So.2d 480 (1973) holding as follows:
“For that reason and for other reasons herein presented, we hereby declare R.S. 13:4711-4717 unconstitutional, insofar as they attempt to declare obscenity a public nuisance.” ' 287 So.2d 493.
Although I do not subscribe to the views expressed therein, this court is required to follow this holding. While we cannot breathe life into a dead statute, nevertheless we should express our opinion with a view to limitation of the extent of that holding.
Basically, I believe the decision to be incorrect for the reasons expressed by the dissents therein, and see no reason to repeat them. I would point out that the nuisance to be abated in R.S. 13:4711 is “. . . obscenity as now defined or as may hereafter be defined by the Criminal Laws of this State, . . .” Having found the obscenity law [R.S. 14:106A(2) and (3)] upon which the Gulf States proceedings was based to be unconstitutional in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973), the court was not required to declare upon the constitutionality of R.S. 13:4711 but simply to declare it inapplicable to the factual situation there presented. Instead the court chose to examine R.S. 13:4711 — 13:4717 section by section and declare each section unnconstitu-tional despite the lack of issue of a number of those sections in the proceedings before them.
*894 In so doing the court attempted to make a distinction between the results that should flow from a violation of the obscenity laws as opposed to the prostitution laws, based upon the freedom of speech guaranteed under U.S. Constitution Art. I and La. Constitution, Article I, Section 3. No one has an unlimited right of freedom of expression and certainly he is responsible for abuses of that right. The legislature has decided that one penalty for such abuse is loss of use of the building and contents for up to one year. If the State may imprison a person for violation of a criminal law, may it not also curb the use of the instrumentalities used in the violation? If not, then the State cannot legally declare forfeit any instrumentality used in commission of crime, but which has ordinarily permissible uses, for example, a vehicle used to transport illegal narcotics. I suggest that the application of this statute is based on penalty for illegal use, not prior restraint of a possible future permissible use.
I make these comments with the view that the Court in Gulf States did not have before it an issue concerning the enjoining of the use of the premises, simply enjoining of showing of a particular motion picture.